1  Tharan G. Lanier (State Bar No. 138784)
   tglanier@JonesDay.com
2  Jane L. Froyd (State Bar No. 220776)
   jfroyd@JonesDay.com
3  JONES DAY
   Silicon Valley Office
4  1755 Embarcadero Road
   Palo Alto, CA 94303
5  Telephone:  +1.650.739.3939
   Facsimile:   +1.650.739.3900

6  Joseph M. Beauchamp (*Pro Hac Vice* pending)
7  jbeauchamp@jonesday.com
   JONES DAY
8  7717 Texas, Suite 3300
   Houston, TX 77002
9  Telephone:  +1.832.239.3835
   Facsimile:   +1.832.239.3600

10
   Attorneys for Plaintiff
11 SAP AMERICA, INC.

**Filed**

MAR 19 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR  E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAP AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> PI-NET INTERNATIONAL, INC., <br><br> Defendant. | Case No. CV13-1248 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT; DEMAND FOR JURY TRIAL** |

Plaintiff SAP America, Inc. brings this action against Defendant Pi-Net International, Inc. ("Pi-Net") for a declaration that SAP has not infringed, does not infringe, and will not infringe any claim of U.S. Patent Nos. 5,987,500 ("the '500 patent"), 8,037,158 ("the '500 patent"), and 8,108,492 ("the '492 patent") (collectively, the "patents-in-suit").

**THE NATURE OF THE ACTION**

1. This action is based on the patent laws of the United States, Title 35 of the United

States Code. Pi-Net has sued customers of SAP for allegedly infringing the patents-in-suit, accusing those customers of infringing the '500 patent, the '158 patent, and the '492 patent. Pi-Net has contended that software supplied by SAP and/or SAP's subsidiaries (collectively, "SAP") infringes the patents-in-suit.

2.  At least one customer has requested indemnification from SAP for, inter alia, losses, liabilities, judgments and awards incurred which relate or arise out of any claim alleging that the software provided by SAP to such customer infringes one or more of the patents-in-suit.

3.  As a result, this action involves an actual case or controversy concerning the non-infringement of the '500, '158, and '492 patents. SAP seeks final judicial declarations that it does not infringe the '500, '158, and '492 patents.

**THE PARTIES**

4.  SAP is a Delaware corporation having a principal place of business at 3999 West Chester Pike, Newtown Square, Pennsylvania 19073.

5.  On information and belief, Pi-Net International, Inc. is a California corporation with its principal place of business at 222 Stanford Avenue, Menlo Park, California 94025.

**JURISDICTION AND VENUE**

6.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because this action involves substantial claims arising under the United States Patent Act (35 U.S.C. §§ 1 et seq.) and under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202) because this action involves an actual case or controversy concerning the infringement of the '500, '158, and '492 patents.

8.  This Court has general personal jurisdiction over Defendant because it has availed itself of the rights and benefits of the laws of, and has regular and systematic contacts with, the State of California.

9.  The Court has specific personal jurisdiction over Defendant because Defendant's acts that give rise to this action, namely the filing of lawsuits alleging patent infringement of the

1 patents-in-suit against several other entities.

2     10.    Furthermore, Pi-Net has previously submitted to the jurisdiction of this Court and availed itself of the jurisdiction of this Court by filing lawsuits in the United States District Court for the Northern District of California. See, e.g., 5:12-cv-5730, 3:12-cv-5733, and 4:12-cv-5732.

    11.    Venue is appropriate in this District under 28 U.S.C. §§ 1391 because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

    12.    SAP and certain customers have entered into agreements referred to as Professional Development and Services Agreement ("PDSA") and a Software License and Support Agreement ("SLSA") (collectively, the "SAP Agreements").

    13.    Financial Fusion, Inc. ("Financial Fusion"), the party named in various SAP Agreements, is a wholly owned subsidiary of SAP.

    14.    Pursuant to the SAP Agreements, certain customers of SAP are provided Statements of Work to Financial Fusion requesting Financial Fusion to develop various financial applications.

    15.    Financial Fusion developed various financial applications used by such customers in providing its online banking services pursuant to these Statements of Work.

    16.    The SLSA and the PDSA provide obligations of indemnification from SAP to its customers.

    17.    Pi-Net filed has filed suit against at least one SAP customer alleging that such customer's use of SAP's software infringed the patents-in-suit in providing its online banking services.

    18.    At least one customer has sent a letter to SAP requesting indemnification from SAP pursuant to the SAP Agreements.

    19.    In addition to the other suits in this Court, Pi-Net has vigorously enforced these three patents against dozens of other defendants in other courts.

## THE PATENTS-IN-SUIT

    20.    The '500 patent, titled "Value-Added Network System for Enabling Real-Time,

- 3 -

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT

1  By-Directional Transactions on a Network," indicates that is issued on November 16, 1999.

2  21. On information and belief, Pi-Net is the assignee of all rights, title, and interest in
3  the '500 patent.

4  22. The '158 patent, titled "Multimedia Transactional Services," indicates that it
5  issued on October 11, 2011.

6  23. On information and belief, Pi-Net is the assignee of all rights, title, and interest in
7  the '158 patent.

8  24. The '492 patent, titled "Web Application Network Portal," indicates that it issued
9  on January 31, 2012.

10 25. On information and belief, Pi-Net is the assignee of all rights, title, and interest in
11 the '492 patent.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '500 Patent)**

14 26. SAP realleges and incorporates by reference paragraphs 1 through 25, inclusive, as
15 though fully set forth in this paragraph.

16 27. There is an actual, substantial, and continuing justiciable case or controversy
17 between Defendant and SAP regarding the non-infringement of the '500 patent.

18 28. The manufacture, use, sale, offer for sale, or importation of SAP's Financial
19 Fusion software products, has not infringed, does not infringe, and will not infringe any claim of
20 the '500 patent that has been asserted against SAP's customers, including claims 1-7, 10-12, 14-
21 17, and 35.

22 29. SAP is entitled to a declaratory judgment that it does not infringe, either directly,
23 contributorily, or by inducement, any such claim of the '500 patent.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '158 Patent)**

26 30. SAP realleges and incorporates by reference paragraphs 1 through 29, inclusive, as
27 though fully set forth in this paragraph.

28 31. There is an actual, substantial, and continuing justiciable case or controversy

1  between Defendant and SAP regarding the non-infringement of the '158 patent.

2  32. The manufacture, use, sale, offer for sale, or importation of SAP's Financial Fusion software products, has not infringed, does not infringe, and will not infringe any claim of the '158 patent that has been asserted against SAP's customers, including claims 1-6 and 11.

33. SAP is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any such claim of the '158 patent.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '492 Patent)

34. SAP realleges and incorporates by reference paragraphs 1 through 33, inclusive, as though fully set forth in this paragraph.

35. There is an actual, substantial, and continuing justiciable case or controversy between Defendant and SAP regarding the non-infringement of the '492 patent.

36. The manufacture, use, sale, offer for sale, or importation of SAP's Financial Fusion software products, has not infringed, does not infringe, and will not infringe any claim of the '492 patent that has been asserted against SAP's customers, including claims 1-8 and 10-12.

37. SAP is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any such claim of the '492 patent.

38. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, SAP asks this Court to enter judgment against Pi-Net:

A. Declaring that SAP does not infringe, either directly, contributorily, or by inducement, any claim of the '500 patent that has been asserted against SAP's customers;

B. Declaring that SAP does not infringe, either directly, contributorily, or by inducement, any claim of the '158 patent that has been asserted against SAP's customers;

C. Declaring that SAP does not infringe, either directly, contributorily, or by inducement, any claim of the '492 patent that has been asserted against SAP's customers;

D. Issue and order awarding SAP its costs, expenses and reasonable attorneys' fees as provided by law; and

E.     Awarding SAP such other relief as this Court deems just and proper.

Dated: March 19, 2013

Respectfully submitted,

Jones Day

By: _____
Jane L. Froyd

Counsel for Plaintiff
SAP AMERICA, INC.