UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAP AMERICA, INC.,<br>　　　　Plaintiff,<br>　　v.<br>LAKSHMI ARUNACHALAM,<br>　　　　Defendant. | Case No. 13-cv-01248-PJH<br><br>**ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT AND VACATING HEARING**<br><br>Re: Dkt. Nos. 89, 93 |

Plaintiff SAP America, Inc. ("SAP") and defendant Dr. Lakshmi Arunachalam's ("Dr. Arunachalam") cross motions for summary judgment are before the court. The motions are fully briefed and this matter is suitable for decision without oral argument. Accordingly, the hearing set for April 10, 2019, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

**A.　General Background**

SAP filed this action on March 19, 2013, seeking a declaratory judgment of non-infringement of Dr. Arunachalam's patents: U.S. Patent Nos. 8,037,158 ("the '158 Patent), 5,987,500 ("the '500 Patent") and 8,108,492 ("the '492 Patent") (together, the "patents-in-suit"). Dkt. No. 1. Pi-Net International, Inc. ("Pi-Net"), Dr. Arunachalam's company and her predecessor-in-interest in this case, counterclaimed asserting infringement of the patents-in-suit. Dkt. No. 49 at 6-8. On October 15, 2013, the court stayed this action pending the conclusion of ongoing reviews of the patents-in-suit by the Patent Trial and Appeal Board (the "PTAB"). Dkt. No. 54. This action remained stayed

until December 2018 pending the completion of those reviews and defendant's subsequent appeal to the Federal Circuit. Dkt. No. 90.

During the same period, the patents-in-suit were the subject of another infringement action taking place in the District of Delaware, Pi-Net Int'l Inc. v. JPMorgan Chase & Co., Civ. No. 12-282 (D. Del.) (henceforth "JPMorgan"). There, as discussed below, the court found the claims asserted in that action to be invalid and granted summary judgment against Pi-Net. Pi-Net Int'l Inc. v. JPMorgan Chase & Co., 42 F. Supp. 3d 579, 596 (D. Del. 2014). That decision was rendered final after the Federal Circuit dismissed Pi-Net's appeal, Pi-Net Int'l, Inc. v. JPMorgan Chase & Co., 600 F. App'x 774, 775 (Fed. Cir. 2015) (Mem. Op.) (dismissing appeal), and Pi-Net's petition for rehearing in the Federal Circuit, petition for a writ of certiorari, and petition for rehearing at the Supreme Court were denied. Dkt. No. 94-13, Ex. M at 4 (the "PTAB Appeal Order"), Arunachalam v. SAP America, Inc., No. 2015-1424, -1433, -1429, -1869, (Fed. Cir. Sept. 23, 2016), cert. denied, 138 S. Ct. 129 (2017)).

Subsequent to the district court's decision in JPMorgan but prior to the Federal Circuit's dismissal of the appeal, the PTAB completed its review of the patents-in-suit and issued decisions finding the challenged claims invalid for multiple reasons. Dkt. Nos. 94-1, 94-2, 94-3, 94-4 (Exs. A-D); PTAB Appeal Order at 4 (summarizing PTAB decisions). The Federal Circuit subsequently stayed Dr. Arunachalam's PTAB-related appeals pending final disposition of JPMorgan. PTAB Appeal Order at 4. After the Federal Circuit dismissed the JPMorgan appeal, SAP moved to dismiss the pending PTAB-related appeals based on collateral estoppel. Id. The Federal Circuit agreed and held that "the final decision in JPMorgan bars any effort by [Dr. Arunachalam] to relitigate the issue of whether the patent claims are invalid." Id. at 7.

SAP now moves for summary judgment in this action on the same grounds.

**B.    Technology Overview**

The Federal Court has recently described the claimed technology as follows:

> [T]he '158, '492, and '500 patents, [ ] share a specification and

> relate to methods and apparatuses for providing "real-time, two-way transactional capabilities on the Web." When the applications were filed, a Web user could largely perform only one-way, browse-only interactions. The prior art Common Gateway Interface (CGI) taught a standard interface for running external programs on a Web server that enabled the creation of documents dynamically when the server received a request from the Web browser. However, according to the specification, CGI only allowed for severely limited two-way interactions because each CGI application had to be customized for a particular type of application.
>
> The patents purported to address this problem by proposing a "configurable value-added network [(VAN)] switch for enabling real-time transactions on the World Wide Web," comprising "means for switching to a transactional application in response to a user specification from a World Wide Web application, means for transmitting a transaction request from the transactional application, and means for processing the transaction request." Another aspect of the inventions was a routing method whereby information entries and attributes are stored and associated with an object identity assigned a unique network address.

PTAB Appeal Order at 2-3.

### C. Legal Standard

#### 1. Summary Judgment

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Id. at 323-24. The court must view the evidence in the light most favorable to the nonmoving party. See Tolan v. Cotton, 572

U.S. 650, 657 (2014). If the nonmoving party nevertheless fails to meet its burden, the moving party wins.

### 2. Collateral Estoppel

The Federal Circuit applies "the law of the regional circuit to the general procedural question of whether issue preclusion applies." Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC, 778 F.3d 1311, 1314 (Fed. Cir. 2015). "However, for any aspects that may have special or unique application to patent cases, Federal Circuit precedent is applicable." Aspex Eyewear, Inc. v. Zenni Optical Inc., 713 F.3d 1377, 1380 (Fed. Cir. 2013). That includes "issues of issue preclusion that implicate substantive patent law issues, or issues of issue preclusion that implicate the scope of [the Federal Circuit's] own previous decisions." Soverain Software, 778 F.3d at 1314.

"Issue preclusion," also known as collateral estoppel, "is designed to bar[ ] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination." Paulo v. Holder, 669 F.3d 911, 918 (9th Cir. 2011) (alteration in original; internal quotation marks omitted). "The party asserting issue preclusion must demonstrate: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." See Howard v. City of Coos Bay, 871 F.3d 1032, 1041 (9th Cir. 2017) (internal quotation marks omitted).

"[W]here a patent has been declared invalid in a proceeding in which the patentee has had a full and fair chance to litigate the validity of his patent, the patentee is collaterally estopped from relitigating the validity of the patent." Miss. Chem. Corp. v. Swift Agric. Chems. Corp., 717 F.2d 1374, 1376 (Fed. Cir. 1983) (internal quotation marks omitted). In the patent context, collateral estoppel is not limited "to patent claims that are identical. Rather, it is the identity of the issues that were litigated that determines whether collateral estoppel should apply." Ohio Willow Wood Co. v. Alps South, LLC, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (emphasis in original). "If the differences between

4

the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." Id.

D. **Analysis**

1. **JPMorgan Found Certain Claims Of The Patents-In-Suit Invalid**

In JPMorgan, Pi-Net asserted the following claims: **'158 Patent**: claim 4;[1] **'492 Patent**: claims 1-8, and 10-11; **'500 Patent**: claims 1-6, 10-12, 14-16, and 35. JPMorgan, 42 F. Supp. 3d at 588-94. Following claim construction, the JPMorgan court found the asserted claims invalid and entered summary judgment in favor of JPMorgan. Id. at 596. JPMorgan first found the claims invalid because they recited indefinite claim terms, including "VAN switch," "switching," "service network" and "value-added network system." Id. at 588-92. Next, the district court found the asserted claims invalid because they lacked enablement. Id. at 592-93.[2] Accordingly, because the claims were invalid, the district court "grant[ed] [JPMorgan's] motion for non-infringement of all asserted claims of the patents-in-suit," id. at 595-95, and, as discussed above, that decision became final after Pi-Net exhausted all avenues of review.

2. **Applying Collateral Estoppel, The Federal Circuit Holds That JPMorgan Implicitly Invalidated Additional Claims**

As noted above, after the PTAB completed its reviews of the patents-in-suit, the Federal Circuit dismissed Dr. Arunachalam's subsequent appeal because application of collateral estoppel barred Dr. Arunachalam from not only relitigating those claims directly at issue in JPMorgan but also the additional claims considered by the PTAB:

> Collateral estoppel here properly rests upon 35 U.S.C. § 112, which requires "one skilled in the art, having read the

---

[1] Though the JPMorgan plaintiff only asserted infringement of claim 4 of the '158 Patent, JPMorgan invalidated that claim based on its dependence on claim 1, which the court found invalid. JPMorgan, 42 F. Supp. 3d at 591-92.

[2] The JPMorgan court also found that the "patents-in-suit [were] invalid for lack of written description." See JPMorgan, 42 F. Supp. 3d at 593-94. Because the court concludes that collateral estoppel applies here based on JPMorgan's indefiniteness and lack of enablement holdings, it does not reach the issue of whether collateral estoppel may also rest on JPMorgan's finding that the patents-in-suit lack a sufficient written description.

> specification, [to be able to] practice the invention without 'undue experimentation.'" Streck, Inc. v. Research & Diagnostic Sys., Inc., 665 F.3d 1269, 1288 (Fed. Cir. 2012) (internal citation omitted). Claim 4 of the '158 patent, claims 1–8 and 10–11 of the '492 patent, and claims 1–6, 10–12, 14–16, and claim 35 of the '500 patent were found invalid in JP Morgan. Claims 1, 2, 3, 5, 6, and 9–11 of the '158 patent, claim 12 of the '492 patent, and claim 17 of the '500 patent were not asserted in JPMorgan. But each of those claims suffers from at least one of the same fatal lack-of-enablement flaws: the district court in JPMorgan found that nothing in the intrinsic evidence of the '158 patent teaches how to make or use the "point of service application" limitation also recited in claims 1–3, 5, 6, and 9–11; and the remaining '492 and '500 patent claims also recite the VAN switch limitation.

PTAB Appeal Order at 7.

In short, the Federal Circuit held that the lack-of-enablement flaw litigated in JPMorgan applied to (and collaterally estopped litigation about) the following additional claims not explicitly addressed in JPMorgan: **'158 Patent**: 1-3, 5, 6, and 9-11; **'492 Patent**: 12; **'500 Patent**: 17. Id.

### 3. Collateral Estoppel Applies to All Remaining Claims Of the Patents-In-Suit

Here, defendant's counterclaim does not specify which claims she believes SAP infringed on, so the court assumes that all claims of the three patents-in-suit are asserted. However, as discussed above, many of those claims have already been held or recognized as invalid by JPMorgan or the Federal Circuit. Accounting for those claims, the following claims remain: **'158 Patent**: 7-8; **'492 Patent**: 9 and 13; **'500 Patent**: 7-9, 13, and 18-34. See Dkt. Nos. 94-6, 94-7, 94-8.

To apply collateral estoppel to the remaining claims, the court must determine whether the issues at stake here are identical to those decided in JPMorgan. As the Federal Circuit concluded, the court answers that question in the affirmative. Therefore, JPMorgan's determination about those identical issues applies to the additional remaining claims at issue here. See Ohio Willow Wood, 735 F.3d at 1342.

The two remaining '158 claims are invalid because both claims depends on claim 6—a claim that the Federal Circuit previously found invalid because it lacked enablement.

1  PTAB Appeal Order at 5 (relying on JPMorgan's finding that "nothing in the intrinsic
2  evidence of the '158 patent teaches how to make or use the 'point of service application'
3  limitation"). And those claims do not cure the lack-of-enablement flaws identified by
4  JPMorgan and recognized by the Federal Circuit. Nor do they provide limitations that
5  sufficiently define the indefinite terms identified by JPMorgan.

The court also finds that JPMorgan's reasoning extends by necessary implication to the two remaining '492 Patent claims. Claim 9 depends on but does not cure the indefinite terms present in claim 1—a claim that JPMorgan previously found invalid. JPMorgan, 42 F. Supp. 3d at 589. Claim 13 depends on a claim that the Federal Circuit previously found JPMorgan implicitly invalidated, see PTAB Appeal Order at 5 (applying JPMorgan to claim 12), without providing any curative limitations.

Lastly, the court finds that the issues decided in JPMorgan with respect the '500 Patent apply equally to the remaining 21 '500 patent claims at issue here. First, claims 7-9, 13, and 18 depend on claims that JPMorgan previously invalidated but do not cure the flaws identified by JPMorgan. See JPMorgan, 42 F. Supp. 3d at 591; Dkt. 94-7, Ex. G at 10:22-11:26. Second, independent claims 19 and 27 describe a "method for enabling object routing" or "[a]n object router." Dkt. 94-7, Ex. G at 11:27-36, 12:3-12. JPMorgan found that the specification relating to object routing lacked enablement, JPMorgan, 42 F. Supp. 3d at 592-93, and claims 19 and 27 do not cure that defect. The remaining claims depend on, without curing, claims 19 and 27.

With identical issues at stake in this action and JPMorgan, the court next turns to whether the other three collateral estoppel requirements have been met. As is likely clear from the above discussion, the issues discussed above were actually disputed and necessary to JPMorgan's decision invalidating the claims and granting summary judgment. In addition, like the Federal Circuit, the court concludes that "it is clear from JPMorgan that the issue of whether the patent enables one of ordinary skill in the art to practice the contemplated transaction" and whether the patent terms are sufficiently definite "was determined after Dr. Arunachalam's company, represented by counsel, had

7

a full and fair opportunity to present argument, evidence and expert testimony." PTAB Appeal Order at 5.

None of Dr. Arunachalam's arguments persuade the court that collateral estoppel should not apply here. Indeed, Dr. Arunachalam's briefing does not engage on that issue. Dr. Arunachalam instead opts to level attacks on members of the judiciary and opposing counsel, while also contending that certain Federal Circuit and United States Supreme Court decisions are contrary to the United States Constitution. Those arguments, and Dr. Arunachalam's other arguments, are baseless and have been repeatedly rejected. See PTAB Appeal Order at 7; Arunachalam v. Int'l Bus. Machines Corp., No. 2018-2105, 2019 WL 350760, at *4 (Fed. Cir. Jan. 28, 2019); Arunachalam v. Apple, Inc., No. 5:18-CV-01250-EJD, 2018 WL 5023378, at *1 (N.D. Cal. Oct. 16, 2018).

## CONCLUSION

For the foregoing reasons, the court concludes that the doctrine of collateral estoppel renders each of the claims of the patents-in-suit invalid for the reasons discussed above and further discussed in JPMorgan. Therefore, plaintiff is estopped from asserting the validity of the patents-in-suit in this infringement action against SAP. See Cygnus Telecommunications Tech., LLC v. Am. Int'l Telephonics, LLC, 569 F. Supp. 2d 1035, 1037 (N.D. Cal. 2008) ("in the patent infringement [ ] [context], a judgment of invalidity in a case collaterally estops the patent owner from asserting validity of those patent[s] in another case."). For that reason, Dr. Arunchalam's motion for summary judgment is DENIED. Conversely, the court GRANTS summary judgment in favor of SAP on Dr. Arunachalam's counterclaims and GRANTS SAP summary judgment on its claim for a declaratory judgment of non-infringement.

**IT IS SO ORDERED.**

Dated: April 2, 2019

PHYLLIS J. HAMILTON
United States District Judge